# CV-10 2144

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

_____X

PETER MCCLUSKEY

          *Plaintiff,*

     -against-

NEW YORK STATE UNIFIED COURT SYSTEM,

CHIEF JUDGE HON. JONATHAN LIPPMAN,

GABOR & GABOR, DAVID GABOR, HOPE GABOR

         *Defendants.*

_____X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★    MAY 1 _ 2010    ★

LONG ISLAND OFFICE

**COMPLAINT**

**Jury Trial Demanded**

BIANCO, J.

BOYLE, M.

PETER MCCLUSKEY, pro se, as and for his Complaint and Jury Demand, respectfully alleges as follows:

1.      This is a civil action for specific relief under the Fourteenth Amendment to the United States Constitution, and for damages arising out of legal malpractice claims.

2.      This court has jurisdiction by reason of 28 USCA Sec. 1331 and the doctrine of pendent jurisdiction. Venue is based on 28 USC 1391.

3.      At all times relevant hereto, Plaintiff was and is a resident of the State of New York residing at 13 Doxsey place, Lynbrook, New York 11563.

4.      The auspices of the Chief Judge of the State Unified Court System include the supervision, administration and operation of State Courts in accordance with the New York State Constitution. The Chief Judge is located at State of New York Court of Appeals, 20 Eagle Street, Albany, New York 12207.

5.      With respect to the management and countenance of the herein alleged actions in breach of the New York State Constitution, the Chief Judge operated at all times in an individual capacity.

6.      Gabor & Gabor is a law firm located at 400 Garden City Plaza, Suit 406, Garden City, New York 11530

7.      David Gabor is an attorney licensed to practice law in New York whose principle residence is at 10 Jean Pl., Syosset, New York 11797.

8.      Hope Senzer Gabor is an attorney licensed to practice law in New York whose principle residence is at 10 Jean Pl., Syosset, New York 11797.


### FACTS

9.      Acting pro se, plaintiff had brought a legal malpractice action against defendants Gabor and Gabor (Gabor) in the New York Supreme Court, Nassau County under Index No. 07/2978 referred to herein as the "State Action".  The plaintiff caused Gabor to be properly served and issue was joined in the State Action.

10.     The plaintiff secured a vested property interest in the State claims within the meaning of the Fourteenth Amendment to the United States Constitution.

11.     The complaint in the State Action is incorporated into the instant complaint by annexing it hereto as Exhibit A, and the allegations therein are reiterated and re-alleged herewith. Defendant's answer in the State Action is annexed hereto as Exhibit B.

12.     The State Action arose from Gabor's representation of the plaintiff in a prior lawsuit against Suffolk County Community College (SCCC) in the New York State Supreme Court, Suffolk County under Index No. 00/19762 herein referred to as the "Underlying Action".  The underlying action had alleged claims sounding in fraud, breach of contract and discrimination.

13.     In the underlying action, the State Supreme Court, Hon. Justice J. Jones Jr., holding that the alleged fraud was related to breach of contract, dismissed plaintiff's fraud claims against SCCC. Significantly, Justice Jones decision noted as a matter of law that in the circumstances a fraud claim could have been maintained if the plaintiff had sought special damages caused by the fraudulent misrepresentation and not recoverable in a breach of contract.

14.     The State Action complaint states malpractice causes of action premised upon: (1) Gabor's failure to seek special damages with respect to underlying fraud claims, and (2) as an alternative theory of recovery, Gabor's failure to appeal the dismissal of the underlying fraud claim. The complaint further states malpractice claims based upon Gabor's failure to properly commence certain discrimination claims against SCCC.

Malpractice Handling the Underlying Fraud:

15.     Plaintiff's malpractice claim of failure to seek special damages was grounded on the allegation that Gabor had evidence of plaintiff's special damages but failed to submit such evidence in opposition to a motion made by SCCC for summary judgment to dismiss the underlying fraud.

16.     By order and decision date January dated January 25, 2008, State Supreme Court Justice, Hon. Arthur M. Diamond reversed Justice Jones finding with respect to special damages. The court found as a matter of law that Gabor had sufficiently submitted evidence of special damages. In accordance with this finding, the court dismissed the malpractice claim premised upon Gabor's failure to seek special damages.

17.     The plaintiff was not aggrieved by this dismissal as Justice Diamond sustained the alternative theory of recovery which was premised upon Gabor's failure to appeal the dismissal of the fraud.

18.      However, by order and decision dated April 7, 2009 the New York State Appellate Division Second Department reversed in part Justice Diamond's January 25, 2008 order, and dismissed plaintiff's failure to appeal claim. Disagreeing with Justice Diamond, the appellate court found as a matter of law that indeed Gabor had not submitted evidence of special damages.

19.      Subsequently, by order and decision dated August 28, 2009, Justice Diamond proceeded to reverse the April 7, 2009 Appellate order's finding of law with respect to special damages. Justice Diamond adhered to his original determination to the extent that Gabor had submitted evidence of special damages.

20.      Accordingly, Justice Diamond denied a motion by plaintiff requesting reinstatement of the failure to seek special damages claim. The decision was silent on the consequence of its determination to the extent that it should have required reinstatement of the failure to appeal claim.

21.      On September 16, 2009 plaintiff a notice of appeal from the August 28, 2009 Supreme Court order. Plaintiff believed that the order was nugatory and that his right to due process had been breached.

22.      By order on motion dated December 23, 2009, the Appellate Division denied plaintiff a review of the merits and dismissed the appeal.

23.      On January 20, 2010 plaintiff filed a notice of appeal from the December 23, 2009 Appellate order with the New York State Court of appeals.  On its own motion, the Court of Appeals dismissed the appeal asserting lack of jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

The State Supreme Court Process:

24.     The law of the case in the State Action, as determined by the April 7, 2009 Appellate Division order, established that Gabor defendants had not submitted evidence of special damages in opposition to SCCC's motion for summary judgment in the underlying action.

25.     The foregoing determination destroyed the basis upon which Justice Diamond had dismissed the failure to seek special damages claim in his January 25, 2008 order.

26.     Plaintiff moved before Justice Diamond for an order which would implement the appellate determination by reinstating the special damages claim. State court rules provide mechanisms for such an order pursuant to CPLR 5015(a)(5) and CPLR 2221 (e).

27.     A conference on the motion before Justice Diamond was held on June 1, 2009. The conference was recorded.

28.     Plaintiff clearly demonstrated on the record that his motion for reinstatement merely sought an implementation of the Appellate finding with respect to special damages, and that he was not seeking a reargument on that issue.

29.     At the conference Justice Diamond pressured plaintiff by intimidation to withdraw the motion under the threat of sanctions.

30.     By order and decision dated August 28, 2009, plaintiff's motion was denied. The order based the denial upon Justice Diamond's review of the April 7, appellate determination. The order erroneously asserted that the appellate court had erred; that Gabor had in fact submitted evidence of special damages in the underlying action.

31.      It is clearly established law that a review and reversal of a State Appellate Court
determination is outside the jurisdictional power of a State Supreme Court justice. The August 28, 2009
order was nugatory.  Such a determination is attributable to the individual capacity of the render.

32.      The substance of the August 28, 2009 order was so obviously wrong that only a knowing
violation of the law could be ascribed to such a rendering. Justice Diamond himself had indicated at the
June 1st conference that he knew it was outside his jurisdictional power to alter the appellate findings.

33.      The court knowingly deprived plaintiff of due process. The court knew that its order, even it
were legitimate, would have deprived plaintiff of a hearing on the failure to appeal claim.

34.      The court directed its illegal actions against a pro se plaintiff for the advantage of a defendant
who was represented by counsel; the court was not impartial to the outcome in that it had a personal
stake in rendering a particular decision favorably to itself.

35.      Justice Diamond's illegal denial of plaintiff's motion for reinstatement denied plaintiff a fair
hearing on his malpractice claim; it was an irrational abuse of discretion in breach of the due process
and equal protection clauses of the Fourteenth Amendment to the United States Constitution.


Other Discriminatory Acts:

36.      Justice Diamond's had demonstrated bias on numerous occasions against plaintiff as a pro se
litigant. The court breached its duty on a motion for summary judgment by usurping a jury function. The
court resolved factual issues in favor of a defendant represented by counsel.

37.      In its prior order dated January 25, 2008 the court dismissed plaintiff's malpractice claim of
failure to properly commence an action based upon a Grant Campus position at SCCC. The dismissal was
based upon an erroneous determination of a factual issue which had not been raised by defendants.

38.        In its prior order dated January 25, 2008 the court dismissed plaintiff's malpractice claim of

failure to properly commence an action based upon an Ammerman Campus position at SCCC. The court

decided a determinative issue of fact in favor of a defendant represented by counsel.

39.        In its prior order dated January 25, 2008 the court dismissed plaintiff's malpractice claim of

failure to seek evidence of broader fraud at SCCC. The court made the irrational assertion that it was

reasonable for defendants not to seek evidence for one of plaintiff's underlying causes of action.

40        The State Supreme Court denied plaintiff a fair hearing on these claims in breach of the due

process and equal protection clauses of the Fourteenth Amendment to the US Constitution.


Post Deprivation Process:

41.        New York provides for a post deprivation hearing in the form of an appeal. Plaintiff filed a

Notice of Appeal from the Supreme Court's August 28. 2009 order with the Appellate Division Second

Department.

42        Defendants in the state action moved before the appellate court for an order dismissing the

appeal without a review on the merits.

43.        Plaintiff opposed defendant's motion arguing that a dismissal of the appeal from a nugatory

order would deprive plaintiff of his right to due process on either the failure to appeal claim or the

special damages claim.

44.        By order on motion dated December 23 2009 the appellate division dismissed the appeal

without a review on the merits.

45.    In effect, the appellate order affirmed a nugatory judgment; in effect the order countenanced the Supreme Court's conduct in reversing an appellate finding of law. If such conduct were generally allowed it would impair court functioning.

46.    The presumption that appellate courts know the law requires that the dismissal of the appeal without a hearing on the merits may only be ascribed to bias against a pro se plaintiff.

47.    The December 23, 2009 appellate order deprived plaintiff of a fair hearing in breach of his right to due process and equal protection.

48.    Further, the appellate order dated April 7, 2009, which had been rendered by a different panel of judges, also demonstrated bias against the pro se plaintiff.

49.    The April 7 order inflicted costs upon plaintiff in retribution for his having appealed the denial of a motion to amend his complaint. The appellate court had been made aware that plaintiff had limited resources.

50.    The April 7 order insidiously failed to protect plaintiff's right to a hearing on the special damages claim. An appellate court had granted such protection to a litigant represented by counsel in similar circumstances.

51.    The systemic discriminatory acts against a pro se plaintiff engenders a policy of such practice.

52.    Plaintiff filed a notice of appeal from the appellate December 23, 2009 order with the New York State Court of Appeals.

53.    By his submissions, plaintiff made the court of appeals aware of his allegations that both the trial court and the appellate courts had systematically deprived him of due process and equal protection of the laws.

54.     At a session of the court of appeals on April 6, 2010, Chief Judge Lippman presiding, plaintiff's appeal was dismissed by the court on its own motion for the reason that an appeal from the December 23, 2009 appellate order was not within its jurisdiction.

55.     The Chief Judge failed to take any administrative action pursuant to his policy responsibility to address the alleged unconstitutional discrimination practiced against pro se litigants in his lower courts.

56.     As the Chief Judge's countenance of such discrimination was unconstitutional by reason of Article I of the New York State Constitution, such action was in his individual capacity.

57.     Plaintiff has been aggrieved by not been able to obtain a fair hearing on his malpractice claims in state court. The power of state courts may only be exercised against a person within the confines of due process drawn by its procedural and substantive aspects.

58.     This action endeavors to remedy the unjust consequences of an unfair adversary process.

## AS AND FOR A SECOND CAUSE OF ACTION

59.     Plaintiff reiterates and re-alleges all of the foregoing averments including the averments in Exhibit A.

60.     Plaintiff was induced by knowingly false representations to work as an adjunct at SCCC. Plaintiff was justified in relying on the misrepresentations and suffered damages in the form of lost income and consequential expenses as a direct result.

61.     The Gabor defendants, representing plaintiff in the underlying action, failed to seek special damages or, alternatively, failed to appeal the fraud's dismissal. Defendants further failed to properly prosecute a more widespread fraud cause of action against SCCC.

62.        The Gabor defendants, representing plaintiff in the underlying action, failed to properly commence discriminations actions against SCCC with respect 2004 positions on the Grant and Ammerman campuses of the college.

63.        Defendant's failed to exercise that degree of care, skill and diligence commonly possessed and exercised by an ordinary member of the legal community.

64.        But for defendant's negligence, plaintiff would have obtained a judgment against SCCC in the underlying fraud actions and in the discrimination claims.

65.        Defendant's negligence was the proximate cause of the actual damages sustained by plaintiff.

66.        Plaintiff was damaged by the actual loss of public school income and benefits incurred as a result of SCCC's fraudulent misrepresentations. Plaintiff was also damaged by consequential expenses incurred as a result of the misrepresentations.

67.        Plaintiff was damaged by the actual loss of back pay, front pay and benefits at SCCC as a result of defendant's failure to commence discriminations claims.


**WHEREFORE,** plaintiff seeks relief as follows:

1.   A declaratory ruling to the effect that plaintiff's was deprived of his constitutional right to due process and equal protection.

2.   Invocation of this court's equitable power to reinstate all of plaintiff's malpractice claims against the Gabor defendants.

3.   Judgment on the malpractice claims against the Gabor defendants.

4.    Money damages in the amount of five million dollars against the Gabor defendants for legal

malpractice.

5.    Such other further relief as this court deems just and proper.

MAY  10,  2010

PETER V MCCLUSKEY

13 Doxsey place

Lynbrook, NY 11563

516 593 0281

**EXHIBIT  A**

SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF NASSAU
-------------------------------------------X Index No. 07 - 0 0 2 9 7 8
PETER MCCLUSKEY,

                        Plaintiff,

        -against-                                    **VERIFIED COMPLAINT**

GABOR and GABOR, DAVID G. GABOR,
HOPE SENZER GABOR.

                        Defendants.
-------------------------------------------X

PETER MCCLUSKEY, as and for his Verified Complaint, respectfully alleges as follows:

1.  At all times relevant hereto, and at the time of the commencement of this action, both the plaintiff and the defendants are residents of the State of New York.

2.  At all times hereinafter mentioned, upon information and belief, the defendants were duly licensed to practice as attorneys and counselors at law under the laws of the State of New York and maintain offices for the practice of their profession at 400 Garden City Plaza, Suit 406, Garden City, New York 11530.

3.  The plaintiff herein has been employed by Suffolk County Community college ( The College ) as a part time faculty member since 1988. At his hire and thereafter the plaintiff was fraudulently induced into accepting part time teaching assignments at the College. In addition, during the course of his employment the plaintiff has been illegally denied full time faculty positions by the College on numerous occasions. As a result, the plaintiff has sustained economic damages.

4.   In July 1999, the plaintiff retained the services of the defendant as his attorney for the purposes of prosecuting an action against Suffolk County, Suffolk County Community College, and The Board of Trustees of Suffolk Community College to recover damages which were sustained by plaintiff's injuries.

5.   The defendant herein accepted a retainer and undertook to prosecute plaintiff's claims in a proper, skillful and diligent manner as attorney for plaintiff.

## EXPIRED STATUTE OF LIMINATIONS

6.   Among the full time faculty positions denied the plaintiff by the College were two tenure track position which commenced on August 31, 2004. The plaintiff was denied these two positions in retaliation for having filed a lawsuit against the College.

7.   If the defendant had prosecuted plaintiffs' claims with respect to the 2004 positions in a proper, skillful, and diligent manner, the plaintiff would have obtained a judgment in his favor in the underlying action against Suffolk County et al and have been awarded damages for the injuries he sustained.

8.   The defendant negligently did not properly commence any action against Suffolk County et al with respect to the 2004 full time positions.

9.   The defendant failed to exercise the ordinary reasonable skill and knowledge possessed by a member of the legal profession, resulting in a dismissal of plaintiffs' 2004 claims.

10.  It is common knowledge among members of the legal profession that a Notice of Claim in a discrimination action against a County such as Suffolk County must be served within 90 days of the underlying event, and that the Statute of Limitations for commencing such an action is one year and ninety days after the underlying event.

11.  The statute of limitations for the commencement of an action with respect to plaintiffs' 2004 claims expired on December 1, 2005 at the latest.

12. Furthermore, the allowed period for the filing of a Notice of Claim with respect to these positions expired on November 29, 2004 at the latest.

13. By reason of the negligence of the defendant, the plaintiff is forever barred from prosecuting an action against Suffolk County et al with respect to the 2004 claims.

14. The defendant had brought plaintiffs' underlying action against Suffolk County et al to the eve of trial in the spring of 2006.

15. However before trial, on March 30, 2006, the defendant ceased representing the plaintiff in the action.

16 Subsequently, a jury trial on plaintiffs' underlying action proceeded in State Supreme Court, Suffolk County ending on July 10, 2006. The Honorable Arthur G. Pitts presided.

17. At the trial, the plaintiff was barred from trying any of his claims with respect to the 2004 full time positions. The trial court ruled that these claims were inadmissible because they occurred after the filing of an amended complaint.

18. Thereafter, on August 8, 2006, the plaintiff initiated a new action against Suffolk County et al on a 2004 claim which had been barred at the trial. This was a retaliation claim concerning the improper hiring of a certain Maureen D'Elia on August 31, 2004.

19. Then, on December 18, 2006, the IAS court dismissed plaintiffs' new action with prejudice for the reason that the statute of limitations had expired on December 1, 2005 and because a required Notice of Claim had not been filed.

20. The court ruled that: (1) the applicable statute of limitations for such an action against a County based on General Municipal Law 50(i) was one year and ninety days after the underlying claim occurred, and (2) under General Municipal Law 50-e(1) a Notice of Claim should have been filed within 90 days after the underlying claim occurred.

21. Under existing statutes a court is not empowered to grant leave to file a late Notice of Claim after the statute of limitations has expired.

22. The failure to properly commence an action within the time prescribed by the applicable Statute of Limitations or to file a required Notice of Claim was due solely to the negligence of the defendant.

23. But for the defendant not properly commencing the action with respect to the 2004 claims, the plaintiff would have been awarded a judgment against Suffolk County et al on these claims.

24. In this regard the College had not disputed that the plaintiff was more qualified than the appointed applicants to the 2004 positions at the college.

25. The College did not dispute that it had denied the plaintiff the 2004 positions in retaliation for his having filed a lawsuit against the college.

26. Furthermore, the defendant herein has previously affirmed that, based on the evidence, the plaintiff should win these retaliation actions against the college.

## FAILURE TO CONDUCT NECESSARY DISCOVERY

27. The plaintiffs' underlying action against Suffolk County et al was also concerned with the fact that the College fraudulently induced the plaintiff to accept and remain in a part time faculty position. The College had made fraudulent misrepresentations to the plaintiff which were related to his employment contract.

28. The misrepresentations made to the plaintiff were part of a general College practice of making fraudulent misrepresentations to attract and retain part time faculty.

29.  In the underlying fraud action, the defendant herein negligently, improperly, and unskillfully failed to conduct appropriate discovery with respect to the Colleges' general practice of making fraudulent misrepresentations to its' part time faculty.

30.  The defendant negligently failed to serve a production demand with respect to plaintiffs fraud claim.

31.  The plaintiff made the defendant aware of numerous facts relating to the colleges fraudulent practices, yet the defendant negligently conducted little or no discovery with respect to the colleges general practice of making misrepresentations to part time faculty.

32.  The defendant knew the names of specific College officials who had vital information on the practice of misrepresentations, namely: Ronald Feinberg, Ellen Shumer Mauk, and Salvatore LaLima.

33.  Although the defendant considered the foregoing officials important trial witnesses, he was negligent in conducted little or no pre trial discovery with respect to these officials.

34.  The Colleges' practice of fraudulent misrepresentations was an indispensable part of the plaintiffs' fraud claim. It was a determinative issue with respect to the legal sufficiency of the claim.

35.  Indeed it is common knowledge in the legal profession that a fraud claim that relates solely to a breach of contract will not lie. It is common knowledge that in order to sustain a contract related fraud claim, there must bean additional broader allegations of fraudulent misrepresentations.

36.  In this regard, The IAS court in the underlying action reviewed the sufficiency of plaintiffs' fraud claim before discovery had commenced. The court took the fact of the plaintiffs' contract related misrepresentations together with the fact of the Colleges' broader practice of fraudulent misrepresentations and, on May 8 , 2001, affirmed the

palpable sufficiency of the alleged claim. At that point the court ordered a conference to establish a discovery schedule.

37. Thereafter, the defendant negligently failed to apply common disclosure devices with respect to the Colleges' broader practice. As a consequence, the defendant was unable to present known essential fraud facts in an admissible form. This exposed the fraud claim to dismissal.

38 On July 5, 2005, after the discovery phase, the IAS court dismissed the fraud claim for the reason that the only fraud related to plaintiffs' employment contract, and this, without more, was legally insufficient.

39. The defendant did not appeal the decision. If the defendant believed the court erred in dismissing the claim, then the defendant was negligent in not appealing the decision. Moreover, the defendant was negligent in failing to argue or appeal on special damages.

40. The defendant had failed to exercise the ordinary reasonable skill and knowledge possessed by a member of the legal profession, resulting in the dismissal of plaintiffs' fraud claim.

41. If the defendant had conducted the appropriate discovery, or argued special damages, the fraud claim would have survived the motion to dismiss and the plaintiff would have obtained a judgment in his favor from Suffolk County et al.

42. In this regard, College witnesses had not denied that fraudulent misrepresentations were in fact made in order to induce the plaintiff to accept a part time faculty position.

43. Moreover, in the face of the evidence presented, the College did not and could not refute the fact that it had been making fraudulent misrepresentations to its' part time faculty for years.

44. The defendant herein has previously affirmed that, based on the evidence, the plaintiff should win on his fraud claim against Suffolk County et al.

45. The plaintiff suffered ascertainable damages including back and front full time salary loss as a result of the fraudulent misrepresentation.

46. By virtue of the defendants' negligence in failing to conduct appropriate discovery, and by his negligence in failing to appeal the courts decision, and by his failure to properly commence an action, the plaintiff is barred from recovering from Suffolk County et al on the damages he sustained on the related claims.

47. The defendant has previously averred that the damages which the plaintiff sustained amounted to five million dollars.

**WHEREFORE,** Plaintiff demands judgment as follows:

The sum of Five Million ( $5,000,000 ) Dollars, together with such other and further relief as to this court seems just and proper.

Dated: Lynbrook, New York
FEB. 14, 2007

Yours etc.,

PETER V. MCCLUSKEY

Plaintiff
13 Doxsey Place,
Lynbrook, New York  11563

Sworn to before me on this
14 Day of February, 2007

Notary Public

GEORGE J. FORTMULLER
No. 01FO6107490
Notary Public, State of New York
Qualified in Suffolk County
My Commission Expires 04/05/2008

STATE OF NEW YORK )
                             ) ss.:
COUNTY OF NASSAU )

I, PETER MC CLUSKEY, being duly sworn say: I am the Plaintiff in the action herein; I have read the plaintiffs' Verified Complaint, the contents thereof and the same are true to my knowledge, except these matters therein which are stated to be alleged on information and belief, and to those matters I believe them to be true.

PETER MC CLUSKEY

Sworn to before me on this
14 Day of February, 2007

Notary Public

GEORGE J. FORTMULLER
No. 01FO5107490
Notary Public, State of New York
Qualified in Suffolk County
My Commission Expires 04/05/2008

**EXHIBIT  B**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X
PETER MCCLUSKEY,                                    Index No. 2978/07

                              Plaintiff,

                                                    **VERIFIED ANSWER**

        -against-

GABOR and GABOR, DAVID G. GABOR ,
HOPE SENSER GABOR,

                              Defendants.
-------------------------------------------------------------------X

        Defendants, Gabor and Gabor, David G. Gabor and Hope Senzer Gabor, through their

attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for their answer to plaintiff's

verified complaint, respond as follows:

verified complaint, except admit that Gabor & Gabor was retained by plaintiff in July 1999.

4.      Deny each and every allegation contained in paragraph "5" of plaintiff's verified complaint, except admit that defendants accepted a retainer and prosecuted plaintiff's claim in a proper, skillful and diligent manner.

## AS AND TO THE CLAIM OF EXPIRED STATUTE OF LIMITATIONS

5.      Deny each and every allegation contained in paragraphs "6", "7", "8", "9", "13", "22", "23" and "26" of plaintiff's verified complaint.

6.      Deny each and every allegation contained in paragraphs "10", "11", "12" and "21" of plaintiff's verified complaint, and refer all questions of law to the Court for resolution.

7.      Deny each and every allegation contained in paragraphs "14" and "15" of plaintiff's verified complaint, except admit that Gabor & Gabor's motion to withdraw as counsel was granted by order dated March 30, 2006.

8.      Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "16", "17", "18", "19", "20', "24" and "25" of plaintiff's verified complaint.

## AS AND TO THE CLAIM OF FAILURE TO
<u>CONDUCT NECESSARY DISCOVERY</u>

9.      Deny each and every allegation contained in paragraph "27" of plaintiff's verified complaint and refer the Court to the underlying complaint filed by the Gabor & Gabor on behalf of the plaintiff for a complete contextual statement of the causes of action asserted.

10.      Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "28"of plaintiff's verified complaint.

11.      Deny each and every allegation contained in paragraphs "29", "30", "31", "32", "33", "34", "37", "40", "41", "42", "43", "44", "45", "46" and "47" of plaintiff's verified complaint.

12.      Deny each and every allegation contained in paragraph "35" of plaintiff's verified complaint, and refer all questions of law to the Court for resolution.

13.      Deny having knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of plaintiff's verified complaint, except admit that a conference was held to establish a discovery schedule, and refer the Court to the order dated May 8, 2001 for a complete contextual statement of its content.

14.     Deny each and every allegation contained in paragraph "38" of plaintiff's verified complaint, except admit that by order dated July 5, 2005 the court dismissed the fraud causes of action, and refer the Court to the July 5, 2005 order for a complete contextual statement of its content.

15.     Deny each and every allegation contained in paragraph "39" of plaintiff's verified complaint, except admit that no appeal from the order dated July 5, 2005 was perfected.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16.     That the answering defendants allege, upon information and belief, that whatever damages were sustained by the plaintiff at the time and place alleged in the complaint, were in whole or in part the result of the culpable conduct of the plaintiff herein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17.     Plaintiff's failure to mitigate the damages alleged operates as a complete or partial bar to the within suit.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

18.     Defendants raise the doctrines of collateral estoppel and/or res judicata as

a bar to the within suit.

WHEREFORE, defendants, Gabor and Gabor, David G. Gabor and Hope Senzer Gabor, demand judgment dismissing plaintiff's complaint in its entirety, together with costs and disbursements, and for such other and further relief as to this Court seems just and proper.

Dated: March 13, 2007
      Garden City, New York 11530

                    Yours, etc.

                    L'ABBATE, BALKAN, COLAVITA
                    & CONTINI, L.L.P.

By:       *Paula R Gewtt*
                    PAULA R. GILBERT
                    Attorneys for Defendants
                    1001 Franklin Avenue, Third Floor
                    Garden City, New York 11530
                    (516) 294-8844
                    File No. 06 1808 92731

To:

Peter McCluskey
Plaintiff Pro Se
13 Doxsey Place
Lynbrook, New York 11563
(516) 593-0281

## VERIFICATION

STATE OF NEW YORK  )
                         ) ss.:
COUNTY OF NASSAU   )

        DAVID G. GABOR, being duly sworn, deposes and says:

        Deponent is a named defendant in the within action and a member of defendant Gabor

& Gabor; deponent has read the foregoing answer and knows the contents thereof; the same is true to

deponent's own knowledge, except as to the matters therein stated to be alleged upon information

and belief, and that as to those matters, deponent believes them to be true.

                                                DAVID G. GABOR

Sworn to before me this
14th day of March, 2007

NOTARY PUBLIC

        KELLY DEAN FILAKOVSKY
        Notary Public - State of New York
        No. 01F16060445
        Qualified in Nassau County
        My Commission Expires June 25, 2007